HOME LOAN COMPANY, PLAINTIFF-APPELLANT, v. MARY A. SCANLON, DEFENDANT-RESPONDENT.

Argued May 4, 1937—Decided June 1, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-appellant, *James A. McTague* and *Edward DeSevo.*

For the defendant-respondent, *John F. Gough.*

PER CURIAM.

Appellant was non-suited in the District Court in a suit on a note, signed by defendant and held by plaintiff therein.

At the trial, motion for nonsuit was made and granted upon the ground that the provisions of chapter 251 of the laws of 1928, page 497 (*Supp. Comp. Stat.* 1925-1930, § 35-17), barred the claim, because it was said that the plaintiff, a small loan company, had permitted defendant to become indebted for loans for more than $300. The apparent ground for such action was the fact that plaintiff in its original state of demand had set out a note for $300, dated February 25th, 1929, and then, by consent, amended the state of demand by setting up a note for $300 dated November 19th, 1928. Despite the explicit testimony on behalf of plaintiff that there was no note dated February 25th, 1929, and the testimony of defendant, called by the plaintiff, that she received the proceeds of the note of November 19th, 1928, and the explanation that the allegation of date in the original state of demand was an error, the trial judge granted the motion for nonsuit. In so doing, we think the learned trial judge fell into error, which calls for a reversal of the judgment.

At the close of plaintiff's proofs, there was no evidence to sustain the allegation that more than one note was in existence at any given time, and that the statute had been violated. The proofs indicated a debt due from defendant to plaintiff as claimed by it. This was sufficient to sustain plaintiff's demand, and called for any defense that was to be offered.

The judgment under review is reversed. Costs will abide the outcome of the suit.